IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-392 RP |
| | § | |
| REPUBLIC OF TEXAS BIKER RALLY, | § | |
| INC., ET AL.,, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants Republic of Texas Biker Rally, Inc., Travis County, Travis County Judge Sarah Eckhardt and Travis County Sheriff Greg Hamilton's Joint Motion to Dismiss, filed August 17, 2015 (Clerk's Dkt. #29) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I.  BACKGROUND

Plaintiff Michelle Henderson ("Henderson") originally filed this action in the 126th Judicial District Court of Travis County, Texas on July 30, 2014. In April 2015 she filed an amended petition naming as defendants the Republic of Texas Biker Rally, Inc. ("ROT"), Jeffrey Kenneth Green ("Green"), Dan Milton Davison ("Davison"), Travis County, Travis County Judge Sarah Eckhardt ("Eckhardt") and Travis County Sheriff Greg Hamilton ("Hamilton"). The action was removed to this court on May 12, 2015.

This action arises from an event held annually at the Travis County Exposition Center known as the ROT Rally. By way of her complaint filed after removal of this action, Henderson states she attended the ROT Rally on June 13, 2013. She states while seated in a chair at an official campsite, she was struck by a golf cart and injured. According to Henderson, the golf cart was owned by Davison, who drove it to a mobile bar and left to get a drink, leaving Green in the

passenger seat.

A crowd which was gathered at the bar to view entertainment being provided at the mobile stripper pole began demanding the golf cart be moved to alleviate congestion.  Henderson alleges Green, without moving from the passenger seat, pressed the gas pedal of the golf cart.  She further alleges Green lost control of the golf cart, hit another cart, and then hit Henderson, pinning her to the ground.  According to Henderson, witnesses reported Green smelt strongly of alcohol.  (Plf. 3rd Am. Compl. ¶¶ 22-30).

Plaintiff asserts a cause of action for negligence against Green and Davison, as well as against ROT.  (*Id.* ¶¶ 75-83; 91-99).  Plaintiff further asserts a cause of action for negligent entrustment against Davison.  (*Id.* ¶¶ 84-90).  Plaintiff additionally asserts a cause of action under 42 U.S.C. § 1983 ("Section 1983") against Travis County, Eckhardt and Hamilton.  (*Id.* ¶¶ 100-12).  Plaintiff also asserts a cause of action for negligence against Travis County under the Texas Tort Claims Act.  (*Id.* ¶¶ 113-23).

ROT, Travis County, Eckhardt and Hamilton (collectively "Moving Defendants") have now moved to dismiss Plaintiff's claims against them on a number of bases.  Specifically, they contend: (1) Plaintiff's claims against them are barred by the statute of limitations; (2) Plaintiff's claims should be dismissed for failure to timely effectuate service; (3) Plaintiff has failed to state a claim for relief under Section 1983; (4) Eckhardt and Hamilton are protected by qualified immunity; (5) Travis County and ROT are protected by sovereign immunity; (6) ROT is protected from Plaintiff's claims under the Texas recreational use statute; and (7) Plaintiff's negligence claims fail because no duty was owed to her.  The parties have filed responsive pleadings and the motion is ripe for review.

## II.  SERVICE ISSUES

In two related arguments, Moving Defendants argue Plaintiff has not complied with her

obligation to timely serve them prior to the expiration of the statute of limitations. They contend her

claims against them should be dismissed under Rule 12(b)(4), 12(b)(5) and 12(b)(6).

## A.    Applicable Law

A court may dismiss a case both for "insufficiency of process" and for "insufficiency of

service of process." FED. R. CIV. P. 12(b)(4) & (5). When service is challenged, the party

responsible for service bears the burden of establishing its efficacy. *Sys. Signs Supplies v. United*

*States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Dismissal of a claim under Rule

12(b)(6) as barred under the applicable statute of limitations is proper where it is evident from the

plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling.

*See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (dismissing where amended complaint

failed to allege or even remotely suggest plaintiffs were not aware of discrimination during their

employment). *See also Kansa Reinsurance v. Cong. Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir.

1994) (dismissing claim as time barred where claim was clearly filed after applicable limitations

statute had run and it was evident from pleadings that plaintiff was not entitled to benefit of

discovery rule).

## B.    Discussion

Claims for negligence are governed by a two year statute of limitations. *See* TEX. CIV.

PRAC. & REM. CODE ANN. § 16.003 (establishing two year limitations period for tort claims); *TIG Ins.*

*Co. v. Aon Re, Inc.*, 521 F.3d 351, 354-55 (5th Cir. 2008) (negligence claims must be brought not

later than two years after cause of action accrues); *OneBeacon Ins. Co. v. Don's Building Supply,*

*Inc.*, 496 F.3d 361, 363 n.5 (5th Cir. 2007) (two-year limitations period applies to claims for

negligence). Section 1983 has no statute of limitations period, thus federal courts apply the state

prescription statute governing the most analogous cause of action. *Braden v. Texas A & M Univ.*

*Sys.*, 636 F.2d 90, 92 (5th Cir. 1981). In Texas, a two-year statute of limitations applies to

constitutional injury claims. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

As to Plaintiff's state law negligence claims, the Texas Supreme Court "long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required." *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970). *See Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) ("a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation"); *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (to "bring suit" within limitations period, plaintiff must not only file timely, but must also use diligence to have the defendant served with process). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890 (Tex. 1975).

In this case, Plaintiff's cause of action accrued on June 13, 2013. There is no dispute that Plaintiff filed suit within the two year limitations period. The relevant questions are whether Plaintiff properly served Moving Defendants prior to the expiration of the limitations period and, if she did so thereafter, whether she exercised due diligence.

### 1. Service on ROT

As to ROT, Plaintiff contends she attempted to seek a waiver of service by request mailed to counsel for ROT on June 11, 2015. (Plf. Resp. ¶ 25 & Ex. 5). Plaintiff also attempted to serve ROT by serving its registered agent on June 12. (*Id*. & Ex. 6). According to Plaintiff, she finally served ROT's registered agent on June 15. (*Id*. ¶ 10 & Ex. 6). While Plaintiff concedes services was not within the required two year period, she suggests her actions meet the due diligence

standard and thus service should be considered timely.

ROT, however, maintains the evidence submitted by Plaintiff fails to establish she has actually effected proper service upon it.  Under Rule 4 of the Federal Rules of Civil Procedure, a corporation must be served either:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

FED. R. CIV. P. 4(h)(1).   Under Rule 4(e)(1), service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).  Texas law authorizes service on a corporation through the corporation's registered agent, president, or vice president. TEX. BUS. ORGS. CODE ANN. §§ 5.201(b)(1) & 5.255(1).  Service on a corporation's registered agent is properly accomplished at the registered agent's registered office or through the Secretary of State.  *Id*. §§ 5.201(b), (c) & § 5.251.

Here, the evidence provided by Plaintiff shows the summons were issued to Lynn Castagna, who Plaintiff states she believed was representing ROT.  (Plf. Resp. ¶ 3 n.3 & Ex. 5).  Ms. Castagna is not ROT's registered agent, president, or vice president under Texas law, nor is she "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of ROT under Rule 4(h)(1)(B).  Plaintiff has thus failed to properly serve ROT under Rule 4.  *See Lawson v. GEICO*, 2015 WL 6161247, at *2 (W.D. Tex. Oct. 19, 2015) (service insufficient where summons issued to outside counsel rather than corporate defendant's registered agent or other individual with authority to accept service); *Chhim v. Huntleigh USA Corp.*, 2014 WL 801023, at *2–3 (S.D. Tex. Feb. 28, 2014) (service insufficient where plaintiff mailed copy of complaint to outside counsel).  Moreover, the evidence establishes ROT's registered agent was not served at the agent's registered office as required by Texas law.

(Plf. Resp. ¶ 10 & Ex. 6).   Accordingly, Plaintiff's negligence claim against ROT is properly

dismissed as barred by the two year statute of limitations.

### 2.  Service on Travis County

Travis County also maintains Plaintiff has not properly effectuated service upon it in a timely

manner.   Service upon a local government "shall be effected by delivering a copy of the summons

and of the complaint to its chief executive officer or by serving the summons and complaint in the

manner prescribed by the law of that state for the service of summons."   FED. R. CIV. P. 4(j)(1).

Texas law directs service of process as to a county is accomplished by service "on the county

judge."   TEX. CIV. PRAC. & REM. CODE ANN. § 17.024(a).

Plaintiff named Travis County as a defendant in this action by way of an amended petition

filed in state court on April 15, 2015.  (Plf. Resp. ¶ 4 & Ex. 1).  She asserts she served the Travis

County Attorney with the petition on that same date.  (*Id*.).  Further, according to Plaintiff, she

served summons and a request for waiver of service on Travis County by certified mail sent to

Eckhardt as Travis County Judge on June 11, 2015.  (*Id*. ¶ 7 & Ex.2).[1]

As Moving Defendants point out, the request for waiver was not received by Eckhardt until

June 18, 2015.  (Def. Reply Ex. A).  As with ROT, this does not constitute timely service within the

two year statute of limitations as to Plaintiff's negligence claim against Travis County.  Nor has

Plaintiff provided any explanation for her delay in attempting to serve Travis County.   Her

negligence claim against Travis County is, therefore, properly dismissed as time barred.

Moving Defendants argue the delay in service of process is also fatal to Plaintiff's Section

1983 claim against Travis County.  However, the Texas due diligence rule does not apply to

---

[1]   The Court notes this action was removed to federal court by Travis County.  However, as Travis County points out, Texas courts have concluded the filing of a notice of removal does not constitute a general appearance.  *See Bramblett v. El Paso Cnty.*, 2011 WL 11741275, at *2 (W.D. Tex. June 13, 2011); *Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.–Houston [14th Dist.] 1995, no writ).   *See also Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929) ( "Petitioner suggests that, by removal of the case to the federal court, objection to jurisdiction over the person of respondent was waived. Our decisions are to the contrary.").

Section 1983 claims filed in federal court.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir.1998) (concluding Texas due diligence rule for service of process does not apply to section 1983 actions in Texas federal court).  *See also Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir. 1958) ("In an action under the civil rights statute, while state law controls as to the time within which an action must be begun, the manner in which it is commenced and when it is deemed to have begun, being procedural and not substantive, is covered by the Federal Rules of Civil Procedure").

Under the Federal Rules of Civil Procedure, a plaintiff is afforded 120 days after the complaint is filed to effectuate service.  FED. R. CIV. P. 4(m).  The court may extend that time further on a showing of good cause.  In this case, Plaintiff asserted her Section 1983 claim against Travis County on April 15, 2015 and her request for waiver of service was received sixty four days later on June 18, 2015.  Rule 4 favors waiver of service, as evidenced by the rule's requirement that a court impose on a defendant "who fails, without good cause, to sign and return a waiver requested by a plaintiff" the "expenses later incurred in making service."  FED. R. CIV. P. 4(d)(2).  Accordingly, the Court declines to find that Plaintiff's Section 1983 claim against Travis County should be dismissed as time barred.

### 3.  Service on Eckhardt

Moving Defendants also argue Plaintiff's Section 1983 claim against Eckhardt is time barred because Plaintiff failed to timely serve Eckhardt prior to the expiration of the two year statute of limitations.[2]  This argument fails for the same reasons it fails as to Travis County.

### 4.  Service on Hamilton

Finally, Moving Defendants maintain Plaintiff has not properly served Hamilton in this action. They correctly point out that the evidence attached to Plaintiff's response to their motion to dismiss reflects that Hamilton was served with a copy of summons issued not to him, but to ROT.  (Plf.

---

[2]  As set forth above, Plaintiff has asserted only a Section 1983 against both Eckhardt and Hamilton.

Resp. Ex. 6 at 2).  This does not qualify as proper service.  *See* FED. R. CIV. P. 4(e) (service on individual defendant may be effected by delivering copy of summons and complaint to agent authorized to receive service of process).  However, as noted above, Rule 4 also permits a court to extend the time for service.  Plaintiff requests, and the Court finds reasonable, permission to properly effectuate service on Hamilton.  Accordingly, dismissal of Plaintiff's Section 1983 claim against Hamilton on the basis of insufficient service is not warranted.

### III.  SECTION 1983 CLAIMS

Moving Defendants also argue that Plaintiff's Section 1983 claim fails to state an actionable claim for relief and thus should be dismissed.

### A.      Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P.

8(a)(2)).

**B.     Discussion**

As an initial matter, Hamilton and Eckhard argue Plaintiff's Section 1983 claim against them in their official capacity should be dismissed as duplicative.  An action against a government official in his official, rather than individual, capacity is tantamount to a suit against the government itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *McCarthy v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004).  *See also Victoria W. v. Larpenter*, 369 F.3d 475, 481 (5th Cir. 2004) (governmental entity is only true defendant remaining where government officials were named only in their official capacities).  Plaintiff's claim against Hamilton and Eckhardt in their official capacities as officers of Travis County is thus tantamount to a suit against the county itself.  As Plaintiff has named Travis County as a defendant, her claim against Hamilton and Eckhardt in their official capacities is duplicative and properly dismissed.

Moving Defendants further argue Plaintiff has failed to allege facts sufficient to state a Section 1983 claim against them.  To state a claim of a civil rights violation, a plaintiff must allege a violation of the Constitution or of a federally granted right, and that the violation was committed by someone acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988); *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005).  A governmental entity is liable under Section 1983 only if its official policy or custom causes a person to be deprived of a federally protected right.  *Board of County Comm'rs v. Brown,* 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).  In addition, generally, liability under Section 1983 is limited to individuals who were personally involved in violating the constitutional rights of the plaintiff, not supervisory officials on any theory of vicarious or respondeat superior liability.  *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (listing cases).

Plaintiff does not disagree that liability under Section 1983 generally depends on an official policy or personal involvement.  She does not assert the existence of either in this case.  Rather, Plaintiff relies on an exception to those doctrines known as the "state-created danger" theory of liability.

The state-created danger theory of liability requires a plaintiff to show a state actor used his authority to create a dangerous environment for the plaintiff and that he acted with deliberate indifference in so doing.  *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 537-38 (5th Cir. 2003). Plaintiff maintains the facts of this case fit the requirements of the theory and thus she has stated an actionable claim under Section 1983.  Fatal to Plaintiff's argument, however, is the fact that the Fifth Circuit has repeatedly refused to adopt the state-created danger theory of liability.  *See Van Deelen v. Cain*, ___ F. App'x ___, 2015 WL 6444822, at *4 n.4 (5th Cir. Oct. 22, 2015) ("we can and do rely upon the point that we have never recognized the viability of the 'state-created danger' theory"); *Chavis v. Borden*, ___ F. App's ___, 2015 WL 4620322, at *3 (5th Cir. Aug. 4, 2015) ("Unlike our sister Circuits, we have repeatedly declined to decide whether such a cause of action is viable in the Fifth Circuit"); *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 266 (5th Cir. 2014) *cert. denied sub nom. G.M. ex rel. Lopez v. Aledo Indep. Sch. Dist.*, 135 S. Ct. 2830 (2015) (noting Plaintiff's claim "was made under the 'state-created danger' theory, a basis for constitutional protection that the Fifth Circuit has repeatedly declined to adopt"); *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1002 (5th Cir. 2014) (in light of prior en banc "express decision not to recognize the state-created danger theory our court has repeatedly noted its unavailability"); *Whitley v. Hanna*, 726 F.3d 631, 639 n.5 (5th Cir. 2013) ("[T]his court has not adopted the state-created danger theory"); *Doe ex rel Magee v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 864 (5th Cir. 2012) ("Unlike many of our sister circuits, we have never explicitly adopted the state created danger theory"); *Rios City of Del Rio*, 444 F,3d 417, 422-23 (5th Cir, 2006) (nowhere in prior opinion did court expressly adopt or approve state-created danger theory); *Rivera v. Houston*

*Indep. Sch. Dist.*, 349 F,3d 244, 249 n.5 (5th Cir. 2003) (disagreeing with plaintiff that prior case law recognized state-created danger theory).

Even if this Court assumed the state-created danger theory was a viable basis for liability, Plaintiff has failed to meet the necessary elements to support her claim.  The Fifth Circuit has described the theory as requiring a plaintiff to show "(1) that the environment created by the state actor is dangerous, (2) the state actor must know it is dangerous (deliberate indifference), and (3) the state actor must have used its authority to create an opportunity that would not otherwise have existed for the third party's crime to occur."  *Estate of C.A. v. Castro*, 547 F. App'x 621, 627 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1893 (2014) (citing *Dixon v. Alcorn Cnty. Sch. Dist.*, 499 F. App'x 364, 366-67 (5th Cir. 2012)).

Critically, in addition, the "state-created danger theory is inapposite without a known victim." *Dixon*, 499 F. App'x at 367 (quoting *Covington*, 675 F.3d at 865).  In this case Plaintiff has not alleged any facts which suggest Travis County, Eckhardt or Hamilton intended for any harm to befall her.  Rather, in her complaint she alleges those three defendants were aware of the risk of danger to attendees at the ROT Rally.  More specifically, Plaintiff cites examples of injuries and accidents during the ROT Rallies held in the years prior to 2013.  She does not, however, identify a single example of an injury caused by the use of a golf cart.  (Plf. 3rd Am. Compl. ¶ 50).  The Fifth Circuit has repeatedly explained that a general awareness of risk on the part of officials falls short of satisfying the known victim requirement of the state-created danger theory of liability.  *See Castro*, 547 F. App'x at 627 (evidence at best showed science experiment performed in school pool created general risk for students who could not swim or could not swim well, rather than that experiment's dangers were unique to plaintiff); *Dixon*, 499 F. App'x at 368 ("the state-created danger theory requires a known victim, and the fact that a school's policy or procedure presents a risk of harm to students in general is inadequate to satisfy this requirement"); *Covington*, 675 F.3d at 866 ("At most, the Does allege that the school was aware of some general deficiencies in

the check-out policy. They do not allege that the school knew about an immediate danger to Jane's safety, nor can the court infer such knowledge from the pleadings. Without such allegations, even if we were to embrace the state-created danger theory, the claim would necessarily fail."); *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 391-92 (5th Cir.1999) (holding state-created danger theory inapplicable where police officers allowed drunk truck driver to continue driving and eventually injure someone in collision because officer "was neither aware of an immediate danger facing a known victim, nor did he use his authority to prevent [plaintiffs] from receiving aid").  Thus, even assuming the viability of the state-created danger theory of liability, Plaintiff has failed to allege facts sufficient to state a Section 1983 claim against Travis County, Eckhardt and Hamilton. Accordingly, her Section 1983 claim is properly dismissed.

## IV.  REMAINING ISSUES

Moving Defendants also argue Eckhard and Hamilton are entitled to qualified immunity as to Plaintiff's Section 1983 claim against them, that Travis County and ROT are entitled to sovereign immunity as to Plaintiff's negligence claims, her negligence claims are barred by Texas' recreational use statute, and Plaintiff's negligence claims fail because Moving Defendants owed her no duty and any causal connection was broken by the intervening criminal conduct of Green. As the Court has concluded Plaintiff's negligence and Section 1983 claims against Moving Defendants fail for other reasons, these arguments need not be addressed.

As a final matter, the Court will sua sponte raise the issue of jurisdiction as to the remaining claims in this lawsuit.  Namely, Plaintiff's negligence and negligent entrustment claims against Green and Davison.  This action was removed based on Plaintiff's assertion of a cause of action under Section 1983 against Travis County, Eckhardt and Hamilton.  Plaintiff's pleadings make clear both Green and Davison are Texas residents and she has not asserted any federal claims against them.

As the Supreme Court has stated, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). *See also Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 876 (5th Cir. 2000) (declining to exercise jurisdiction over supplemental state law claims following dismissal of all federal claims involved in case); *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998) (upholding dismissal of plaintiff's state law claims following grant of summary judgment on federal claims).  In light of the dismissal of all of Plaintiff's federal claims, this Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Accordingly, the state law claims against Defendants Jeffrey Kenneth Green and Dan Milton Davison should be remanded to Texas state court.

## V.  CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants Republic of Texas Biker Rally, Inc., Travis County, Travis County Judge Sarah Eckhardt and Travis County Sheriff Greg Hamilton's Joint Motion to Dismiss (Clerk's Dkt. #29).  Plaintiff's claims against those defendants are hereby dismissed with prejudice.

Further, in light of the dismissal of Plaintiff's federal claims, the Court hereby declines to exercise supplemental jurisdiction over Plaintiff's claims against Defendants Jeffrey Kenneth Green and Dan Milton Davison and **IT IS THEREFORE ORDERED** that those remaining claims in this cause are **REMANDED** to the 126th Judicial District Court of Travis County, Texas.

**SIGNED** on November 6, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE